Filed 1/31/25  P. v. Allard CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>TRAVIS DERECK ALLARD,<br><br>     Defendant and Appellant. | G063612<br><br>(Super. Ct. No. 18HF0459)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

With specific exceptions, one-year prison prior sentencing enhancements which were "imposed" prior to January 1, 2020 are no longer legally valid pursuant to Penal Code section 1172.75, subdivision (a).[1] As a result, defendants are entitled to recall and resentencing if they are identified as currently serving a term for a judgment including such an enhancement. (*Id.* at subds. (b) & (c).)

The sole issue in this appeal is whether the defendant Travis Dereck Allard is entitled to recall and resentencing when the trial court imposes, but strikes a prison prior for purposes of sentencing. Following *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), and pending guidance from the California Supreme Court, we conclude the trial court erred in finding Allard ineligible for resentencing under section 1172.75 because his prison prior enhancement had been stricken for purposes of sentencing. We therefore reverse its order denying Allard's petition, and remand so the court can conduct a resentencing hearing.

## PROCEDURAL BACKGROUND

A felony complaint was filed on March 26, 2018, charging Allard with one count of second degree robbery (§ 211/212.5, subd. (c)) with an enhancement for personal use of a deadly or dangerous weapon (§ 12022, subd. (b)(1)). It was further alleged that he had suffered two prison prior convictions under section 667.5, subdivision (b).

On April 19, 2018, Allard pleaded guilty to the robbery count and admitted the dangerous weapon enhancement as well as his priors. The court dismissed one of his prison prior convictions, and struck the other for purposes of sentencing. The court imposed a sentence of seven years.

---

[1] All statutory references are to the Penal Code.

On November 14, 2023, Allard filed a petition for recall and resentencing under sections 1172.7 or 1172.75. The trial court found Allard was ineligible for relief under either statute because the related enhancements were either stayed or stricken at the time of resentencing.[2]

## DISCUSSION

### I.

#### STANDARD OF REVIEW

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning . . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

---

[2] Both the petition and the trial court's order denying the petition indicate Allard was identified by the Department of Corrections and Rehabilitation (CDCR) as an inmate potentially eligible for relief.

## II.

### DEFENDANT IS ENTITLED TO A RESENTENCING HEARING

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) . . . (Stats. 2019, ch. 590) [(Sen. Bill 136)] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) "Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Sen[.] Bill 483). This bill sought to make the changes implemented by [Sen. Bill] 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the [Code]. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Ibid.*)

Section 1172.75 directs the CDCR to identify those persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

4

The question before us is whether Allard is entitled to be resentenced under section 1172.75, where his prior prison term enhancements were imposed by the trial court, but stricken solely for purposes of sentencing. Pending direction from the Supreme Court, we follow the reasoning of *Espino*, *supra*, 104 Cal.App.4th 188, and conclude he is.[3]

" . . . [W]e conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Espino*, *supra*, 104 Cal.App.5th at p. 194.)

According to the majority view in *Espino*: "[I]n some circumstances, when an enhancement has been imposed but punishment struck, '[t]he fact of the enhancement . . . remains[s]' and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Espino*, *supra*, 104 Cal.App.5th at p. 201.)[4]

---

[3] In addition to granting review in *Espino*, which involved a request for resentencing where the punishment for a now invalid prison prior had been stricken, the Supreme Court has granted review to resolve a conflict among the Courts of Appeal regarding whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (See *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853; *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547.)

[4] Although we agree with the *Espino* majority's rationale, we acknowledge the well-reasoned analysis of the dissent in that case and await the Supreme Court's guidance on this issue.

This case presents the same circumstance referenced by the *Espino* court. For the reasons set forth in *Espino*, we conclude Allard is therefore entitled to resentencing.

## DISPOSITION

The order denying Allard's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to CDCR.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.

6